## COMMONWEALTH *vs.* WILMOT F. FISHER.

Norfolk.    Nov. 24, 1884. — Jan. 8, 1885.    FIELD, C. ALLEN, & COLBURN,
JJ., absent.

At the trial of a complaint, charging F. with bringing into the town of S. certain
intoxicating liquors, he "having reasonable cause to believe that said liquors
were intended to be sold in violation of law in said S.," the evidence showed
that some one carried on the express business between S. and B. under the
name of "F.'s Express," having an office in S.    The government contended
that F. was the proprietor, and, for the purpose of showing this, asked a wit-
ness what he had seen F. "doing with reference to this place."    *Held,* that the
question was competent.

At the trial of a complaint for bringing into the town of S. certain intoxicating
liquors, the defendant having reasonable cause to believe that the liquors were
intended to be sold in S. in violation of law, it appeared that a constable of S.
went to the defendant's express office with a search-warrant; and that he found
there a large quantity of intoxicating liquors in jugs and bottles.    A barrel con
taining the bottles and several of the jugs had a tag attached with the initials
of a name and "S." on it in writing, and, in print, "from" a certain dealer in
liquors in a city between which and S. the defendant's express business was
carried on.    Another case of liquors was marked with the name of a person
and "S."    Other jugs and packages had no marks.    Some of the jugs containing
liquors were in locked boxes, and, when the officer asked the defendant for the
keys, he replied that "he did not know anything about any keys."    There was
also evidence that the defendant had been seen at different times carrying jugs
from the railroad depot to his express office.    *Held,* that it could not be said, as
matter of law, that the jury were not justified in finding the defendant guilty.

MORTON, C. J.    This complaint charges the defendant with
bringing into the town of Stoughton certain intoxicating liquors,
he "having reasonable cause to believe that said liquors were
intended to be sold in violation of law in said Stoughton."    Pub.
Sts. *c.* 100, § 17.

The defendant took several exceptions to the admission of
evidence at the trial, but only one is now relied on.

The evidence proved that some one carried on the express
business between Stoughton and Boston under the name of
"Fisher's Express," having an office in Stoughton.    The gov-
ernment contended that the defendant was the proprietor, and,
for the purpose of showing this, asked a witness what he had
seen the defendant "doing with reference to this place."    The
defendant objected; but the question was competent, as it had a
tendency to show that the defendant was conducting this express
business as its proprietor.

The defendant principally relies upon the ground that there was not sufficient evidence to justify the jury in finding that the liquors were brought into the town by the defendant with an unlawful intent. It appeared that a constable of the town went to the express office, a room about fourteen feet square, with a search-warrant; and that he found a large quantity of whiskey in jugs, and of lager beer in bottles. A barrel containing bottles of lager beer, and each of four three-gallon jugs of whiskey had a tag attached, with " S. P. S., Stoughton," on it in writing, and, in print, " From McArdle Brothers, Foreign and Domestic Ales, Wines, Liquors, and Cigars, No. 206 Eliot Street, Boston." Another case of lager beer was marked " Mr. Daniel W. Murphy, Stoughton." Other jugs and packages had no marks. Some of the jugs of whiskey were in locked boxes, and, when the officer asked the defendant for the keys, he replied that " he did not know anything about any keys." It was also testified that the defendant had been seen at different times carrying jugs from the railroad depot to his express office. The fair inference is, that the defendant brought into the town the liquors found in his office, and that he did not intend them for his own use. We cannot say, as matter of law, that, upon all the facts shown, considered in connection with the fact that the defendant made no explanation of them, when such explanation would seem to be in his power if the liquors were intended for a lawful purpose, the jury were not justified in inferring that he had reasonable cause to believe that they were intended to be sold in violation of law.                    *Exceptions overruled.*

*J. Brown,* for the defendant.

*H. N. Shepard,* Assistant Attorney General, for the Commonwealth.